UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMES GARRISON,** ) | CASE NO. 1:15 CV 177 |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **CORRECTIONS CORPORATION** ) | |
| **OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff James Garrison filed this action under 42 U.S.C. § 1983 against Corrections Corporation of American ("CCA"). CCA is a private corporation that owns and operates the Lake Erie Correctional Institution ("LECI"), which contracts with the State of Ohio to house prisoners. In the Complaint, Plaintiff asserts that the Defendant was deliberately indifferent to his serious medical needs. He seeks monetary and injunctive relief.

## I. BACKGROUND

Plaintiff's Complaint is very brief. He contends he has Hepatitis and has learned of a new medication, Sovaldi, that is alleged to cure Hepatitis C. He indicates the medication costs one thousand dollars per pill, and requires the patient to take a twelve week regimen to effect the cure. He contends CCA has not provided him with the medication. He further indicates he has

a rash for which he was given a lotion. He seeks compensation for cruel and unusual punishment.

## II. LAW AND ANALYSIS

**Standard of Review**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Eighth Amendment**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court remarked that "having stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id*. at 833. The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Id*. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter,* 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause

aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.*  Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8.  Routine discomforts of prison life do not suffice. *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.  A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence. *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Id*.  It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)).  To

analyze an Eighth Amendment claim, the Court must first determine whether Plaintiff's medical condition is sufficiently serious to invoke Eighth Amendment protection. If the condition is sufficiently serious, the Court will then inquire whether the Defendants exhibited deliberate indifference to Plaintiff's medical condition.

In the Sixth Circuit, the seriousness of an inmate's need is evaluated using an "obviousness" approach. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004). To meet this criterion, the medical need must be sufficiently severe that it is "obvious even to a layperson" that immediate medical attention is needed. *Id.*; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). Under this standard, a line is drawn between the medical conditions or complaints which require medical treatment and those which present what are essentially options for the inmate in terms of seeking relief from symptoms. On one side of this line are conditions such as occasional indigestion or constipation, dandruff, acne, vitiligo, chapped lips, dry hands, most headaches, most colds (uncomplicated with fever), seasonal allergies, eczema, and muscle ache from exertion, which dictate treatment for cosmetic purposes or purposes of convenience or comfort. *See Peters v. Berghuis*, No. 1:09-cv-14, 2009 WL 261387 (W.D. Mich. Feb. 3, 2009) (inmate's complaint that he found it hard to sleep because the lack of proper ventilation, dry air and dust in the unit caused him to suffer sinus headaches and congestion pressure was not the sort of serious medical condition that would implicate the Eighth Amendment.); *Davidson v. Scully*, No. 81 Civ. 0390(PKL), 86012, 2001 WL 963965, at *5 (S.D.N.Y. Aug.22, 2001) (inmate's common seasonal allergies which caused headaches, earaches, sinus congestion, soreness in his throat and eyes, tearing, and nasal infections did not constitute serious medical need under the Eighth Amendment). On the other side of the line are

serious medical needs which may be life threatening or pose a risk of needless pain or lingering disability if not treated immediately. *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991).

In this case, Hepatitis is arguably an objectively serious medical condition. The limited information in the Complaint concerning Plaintiff's skin rash, however, does not provide sufficient information to determine whether it is a serious condition. Eczema is typically not considered a serious medical condition, while a rash caused by an underlying medical condition may be very serious. The allegations in the Complaint are not adequate to suggest that the rash triggers Eighth Amendment concerns.

In addition, Plaintiff's Eighth Amendment claims fails for both medical conditions because Plaintiff has not satisfied the subjective element of his claim. CCA is a corporation, and for a corporation to act with the requisite level of subjective intent, it must do so through its policies and customs. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). It cannot be held liable in an action under 42 U.S.C. § 1983 for the actions of its employees, nor can it be held liable for a mere failure to act. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Plaintiff must allege that the employees acted in accordance with some official policy or custom of CCA, or that CCA encouraged the specific misconduct or in some way directly participated in it. *See Monell*, 436 U.S. at 690-91; *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

In this case, Plaintiff does not allege any facts to suggest how CCA is liable to him for not providing Sovaldi to treat his medical condition. He does not even allege that he requested the treatment from medical personnel at LECI and that his request was refused. He does not

allege that medical personnel at LECI made this decision based on a specific policy of CCA rather than for medical reasons. There is no indication that any corporate executive of CCA was aware of Plaintiff's medical condition and directly participated in decisions concerning his medical treatment. Plaintiff fails to establish the subjective element of his Eighth Amendment claim against CCA.

Moreover, Plaintiff does not allege sufficient facts to suggest the treatment he received violated the Eighth Amendment. A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to an § 1983 claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). The Eighth Amendment does not require the prison to provide an inmate with unfettered access to the state of the art medical treatment of his choice. *See Hudson*, 503 U.S. at 9. The question is not whether a prisoner is receiving the medication or treatment of his choosing, or whether he is receiving the best health care available for his condition. Instead, the inquiry for Eighth Amendment purposes is whether the course of treatment he is receiving is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). The relevant inquiry to determine whether the Defendant provided grossly inadequate care is "whether a reasonable doctor ... could have concluded his actions were lawful." *Id.* While Plaintiff wants to receive other treatments, there is no indication in the Complaint that the treatments Plaintiff received were grossly inadequate for his medical conditions.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              UNITED STATES DISTRICT JUDGE

DATED: July 6, 2015

---

[1]   28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.